The Judges pronounced their opinions.
JUDGE TUCKER.
Mr. Hay, for the appellant, made the following objections to the decree.
1. Because certain payments made by the executor of Daniel Jones, to the complainants, pendente lite, in bonds on which interest was due, ought to have been *68 credited as the amount of principal and interest due at the time of the assignment or payment. This objection ought certainly to have availed the appellant, if the Chancellor had allowed interest on the sum decreed, pendente lite; but, as he did not, and the bonds all bear date posterior to the institution of the suit, I think there is no error on this point. And, though it appears that this mode of applying the credit was done by the Commissioner without any previous direction from the Court, yet being approved 156 and sanctioned by the *Court, it must now be regarded as the act of the Court, and not of the Commissioner.
2. Because Daniel Jones, the executor and manager of the plantations, ought to have been allowed something as manager as well as executor. And I very much incline to think that, where the management of an estate is thrown upon an executor, and the care and education of a family of children with it, that an executor ought to have a more liberal allowance than a bare commission of 5 per cent, upon his receipts or expenditures. In the present instance the testator left five children, apparently minors, who remained so many years. He charged his whole estate with the payment of his daughters’ legacies, if it could be effected out of the profits before either of them married or came of age. To do this, the executor must do many things beyond what the duty of an executor in ordinary cases imposes. His personal trouble, and responsibility, under such circumstances, may be increased ten fold. He ought to be compensated accordingly, whenever it appears that he hath faithfully discharged this extraordinary duty imposed upon him by his testator. For, even under our law, the executor (as such) can have nothing to do with his testator’s real estate after the end of the year in which he dies. After that period, he ought to be considered as something more than an executor, if the testator by his will entrusts him with the management and care of his family, and his real estate, in general. But, in the present instance, the executor, from some cause or other, perhaps incapacity, has not kept such regular accounts of his transactions, as to entitle him to any considerable •further allowances for his extra services. And, upon that ground only, I was inclined to think the decree right in allowing him only five per cent, on the amount of his account as settled by Commissioner Rose. I am, however, disposed to concur in the opinion of the other Judge, that he ought to be allowed 7 1-2 per cent. In a statement since received from Hr. Williams, in the case of M’Call v. Peachy, it is stated, that 157 *this Court, in a decree made in that suit May 21, 1798, allowed a commission of ten per cent, to the executor, on the money received by him for the use of the estate, including debts, sales and profits, in full satisfaction for receiving, putting out, and paying away the said money, and for his services in the administration and management of the testator’s estate. But, as there is a debit against him in consequence of the verdict of the Jury for a large quantity of tobacco, supposed to be made in the year 1779, 1780, and 1781, upon which Commissioner Hay seems not to have allowed any commission, I am of opinion that the decree is so far erroneous, and I also agree, that a commission of 7 1-2 per cent, be allowed on the net balance of that tobacco also.
3. Mr. Hay objects to the decree, because the Chancellor was mistaken in supposing that 5 hogsheads of tobacco, only, were credited to the estate for the year 1779, 1780, and 1781, and therein he is clearly right j there being 8 hogsheads weighing 9,7471bs. net, so credited, which ought to be deducted from the 119,850, found by the Jury to have been made in those years, the whole amount of which is charged to the estate in the account by Commissioner Hay. There are other verj' important deductions which I conceive ought to be made from the quantity of tobacco so found by the Jury to have been made in those.years. For they find the whole crop made in 1779 amounted to 30,4501bs. ; that the whole crop made in 1780 amounted to 49,0001bs., two’hogsheads of which estimated at 2,3001bs. were destroyed by the British troops in 1781; and that the whole crop made in 1781, amounted to 40,5001bs. These three quantities amount to 119,9501bs. They then proceed to say “that they find that in those three years Daniel Jones ought to be debited 119,R50ibs. of tobacco, which exceeds the five hogsheads mentioned in the Chancellor’s decree 114,100 hogsheads, Petersburg crop tobacco.” It is apparent from this, that the Jury neither deducted the 2,3001bs. contained in the two hogsheads, which they ex-158 pressly *find to have been destroyed by the British troops in 1781; nor yet made any deduction for' the overseers’ shares, which, according to the evidence in the former part of the record, appear to have been usually a seventh or an eighth part. Supposing it an eighth, which is the lowest, the overseers’ shares would have amounted to 14,9811bs. which with the 2,3001bs. destroyed by the British troops, and the 9,747 credited in the accounts settled by Master Commissioner Rose, form an aggregate of 27 or 28,0u01bs. of tobacco, which ought to be credited the executor, against the 119,9501bs. the whole amount of the several crops for those three years, as found by the Jury. For the balance the executor ought to be charged the same rate that Commissioner Hay has allowed for the whole of those crops, as found by the Jury, deducting therefrom all reasonable expenses of the transportation to Petersburg, and warehouse expenses; and a commission of seven and a half per cent, as before mentioned.
4. Mr. Hay’s fourth objection to the decree is, that the value of the tobacco found to have been made in those three years, by the Jury, has been arbitrarily fixed bjr the Commissioner, instead of being ascertained by evidence, as it ought to have been. It certainly does not appear by what means, or by what evidence, the Commissioner fixed the price. Mr. Hay said it was 20s. per cwt.; in this he was mistaken. Of the tobacco credited in Commissioner Rose’s account made and sold in that period, three hogsheads are charged at 701. per cwt. the *69 scale of depreciation being at that time 74 for one. Five other hogsheads are credited at 751. per cwt. when the scale of depreciation was at 90 for one. These prices reduced to specie are rather higher than the ■average price which the Commissioner has adopted. I am therefore unwilling to disturb his estimate; though, from my own recollection of that period, I am persuaded his estimate is not too low, and possibly may not be too high.
*Mr. Call, for the appellee, complained of the liberality of Commissioner Rose, and the Chancellor, in respect to the accounts stated by the former; but I think without' sufficient reason. I am therefore of opinion that, after correcting the errors which I have pointed out, the residue of the decree ought to be affirmed; and that the cause be remanded to the Court of Chancery for a final adjustment of the accounts between the parties, (one of whom has been already overpaid,) upon the principles which I have mentioned.